Nos. 22-3795/23-3043/23-3081

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Dec 4, 2023
KELLY L. STEPHENS, Clerk

AARON M. OGLETREE,

    Plaintiff-Appellee [22-3795, 23-3043],
    Plaintiff Appellee Cross-Appellant
    [23-3043, 23-3081],

v.

LAURA BLOOMBERG, President of Cleveland State University, et al.,

    Defendants-Appellants [22-3795, 23-3043],
    Defendants Appellants Cross Appellees
    [23-3043, 23-3081].

O R D E R

Before: GILMAN, BUSH, and NALBANDIAN, Circuit Judges.

In these consolidated cases, the parties cross-appeal the district court's grant of summary judgment in favor of Plaintiff Amelia Ogletree* in this action alleging that Defendant Cleveland State University violated her Fourth Amendment rights when it conducted a scan of her room through her computer's camera prior to a remote exam. On February 17, 2023, Ogletree passed away. In all three cases, Defendants move for vacatur of the district court's December 20, 2022, judgment against them, arguing that Ogletree's death moots the appeal.

---

* Amelia, née Aaron, was a transgender woman. Her obituary, and the court's order, refer to her by her chosen name and pronouns.

Upon Ogletree's death, "she no longer has 'a legally cognizable interest in the outcome'" of this case. *See Immel v. Lumpkin*, 408 F. App'x 920, 921 (6th Cir. 2010) (quoting *United States v. City of Detroit*, 401 F.3d 448, 450 (6th Cir. 2005)). Ogletree's counsel filed a notice of suggestion of death, Ogletree does not appear to have a personal representative, and her counsel has not moved to substitute parties pursuant to Federal Rule of Appellate Procedure 43(a)(1). Under that rule, "[i]f a party dies after a notice of appeal has been filed or while a proceeding is pending in the court of appeals, the decedent's personal representative may be substituted as a party on motion filed with the circuit clerk by the representative or by any party." When there is no personal representative, "any party may suggest the death on the record, and the court of appeals may then direct appropriate proceedings." *Id.* Because Ogletree lacks a legally cognizable interest in the outcome of this case and she has no apparent personal representative or substitute party, we conclude that the appeals are moot. *See Immel*, 408 F. App'x at 921–22.

"When a case becomes moot on appeal, . . . the established practice is to reverse or vacate the judgment below and remand with a direction to dismiss." *Fialka-Feldman v. Oakland Univ. Bd. of Trustees*, 639 F.3d 711, 716 (6th Cir. 2011) (cleaned up). Here, Defendants have lost the ability to pursue their appeal through no fault of their own. *See id.* at 717. Therefore, vacatur and remand with directions to dismiss is appropriate. *See id.* at 716–17.

Accordingly, the consolidated motion for vacatur is **GRANTED**, the appeals are **DISMISSED AS MOOT**, and the cases are **REMANDED** to the district court with instructions to vacate its judgment and dismiss the complaint.

ENTERED BY ORDER OF THE COURT

Kelly L. Stephens, Clerk